JAMES BRADBURY *vs.* DANIEL DWIGHT.

Where contradictory parol evidence was given as to the contents of a lost written agreement for the sale of wood, and the question was whether, by the agreement, the vendor sold all the wood on a certain lot for $ 300, or so much wood thereon, at $ 1·25 per cord, as would amount to $ 300, it was *held*, that evidence was admissible to prove, that the wood on said lot, when the agreement was made, was worth far more than $ 1·25 per cord — for the purpose of showing a probability that the agreement was for the sale of all the wood on the lot.

ASSUMPSIT to recover back money alleged to have been paid by the plaintiff to the defendant, upon a consideration which had in part failed. At the trial, in the court of common pleas, before *Strong*, J. the plaintiff introduced evidence tending to prove that in December 1839, he contracted with the defendant for $ 300 worth of wood, at $ 1·25 per cord, to be cut on the defendant's land, for which the plaintiff gave his promissory note to the defendant, payable in sixty days, and paid the note soon after it fell due. The plaintiff gave evidence of a negotiation between him and the defendant respecting the purchase of the wood, and introduced a witness, who testified that he (the witness) called upon the defendant, by direction of the plaintiff, and gave to the defendant the abovementioned note, signed by the plaintiff and by the witness and another person ; that the witness took from the defendant a bill of sale of the wood, and carried and delivered it to the plaintiff. Evidence being given that the bill of sale had been lost since the commencement of this action, the witness was permitted to testify as to its contents ; and he stated that it purported to be a bill of sale of $ 300 worth of wood, to be cut and taken from a certain lot belonging to the defendant, by the 1st of June 1840.

The defendant contended, and offered evidence tending to show, that the contract between him and the plaintiff was for all

the wood standing on the said lot, whether more or less, without any agreement as to the quantity for which the sum of $ 300 was to be paid.

The plaintiff gave evidence, that there was not on said lot wood enough to amount to $ 300, at $ 1·25 per cord ; and that he, on the 15th of June 1840, demanded of the defendant a return of part of the money he had paid, or that the defendant should show him where he could procure more wood.

In the course of the defence, the defendant offered evidence to prove that the wood, on the lot upon which the plaintiff cut, " was of far greater value than $ 1·25 per cord, for the purpose of showing the probability that the contract was such as he alleged it to be, and that it was not according to the claim of the plaintiff." This evidence was rejected by the judge, and the plaintiff obtained a verdict. The case was brought into this court on exceptions to the rejection of this evidence.

*C. Allen*, for the defendant.

*Merrick*, for the plaintiff.

PUTNAM, J. This controversy has grown out of a contract between the parties concerning a sale of wood standing on the defendant's land, and to be cut down by the plaintiff. A bill of sale was given by the defendant to the plaintiff, which expressed the terms of the agreement. But the paper has been lost, and the parties are at issue on its contents ; the plaintiff insisting that it was for $ 300 worth of wood, at $ 1·25 per cord, and the defendant maintaining, on the contrary, that it was for all the wood on a certain lot, for which the plaintiff was to pay, and has paid, $ 300. It now appears that there was not wood enough on the lot to amount to the sum of $ 300, paid at the rate of $ 1·25 per cord, and that the plaintiff gave notice of that fact to the defendant, fifteen days after the expiration of the time within which the wood was to be cut and taken away, and requested the defendant to show to him and permit him to cut wood on another lot sufficient to make up the deficit, or to return it in money.

The witness, who undertook to testify as to the contents of the bill of sale, said that it purported to be a sale of $ 300 worth of wood, to be taken from a certain lot of the defendant

Bradbury *v.* Dwight.

by the 1st of June next after the time of the sale, which was in December 1839.

Now, if that was the contract, it would be satisfied by the plaintiff's taking all the wood which was on the lot, although it might be of less value than $ 300.   That witness did not state that the wood was to be at a certain rate per cord.   He stated that the plaintiff paid $ 300 for the wood ; and if the case rested there, the plaintiff would have no just claim against the defendant.   But if the contract was for $ 300 worth of wood, on a certain lot, at a certain rate per cord, and there was a deficiency, it would be clear that the plaintiff, upon reasonable notice and request, would be entitled to recover the amount of that deficiency, as for money paid upon a consideration that had failed to that extent.   The question at the trial was, what were the terms of the agreement.

The defendant offered to prove that the wood, which the plaintiff cut down on his lot, was of far greater value than $ 1·25 ᴗer cord, as it stood, for the purpose of proving his own statement of the agreement, and disproving the claim of the plaintiff. But the court rejected that evidence.   And the question now is, whether it should have been admitted.   If the inference properly to be drawn from that fact tended to prove the agreement to be such as the defendant contended that it was, then it should have been admitted ; otherwise, it should have been rejected as irrelevant, and as having a tendency to mislead.

Now the presumption which arises from the uniform conduct of men, under a given state of facts, enters essentially into almost every cause which is tried.   Very few cases are established by positive proof.   If the fact, alleged by one party and denied by the other, be unusual, unaccountable, and not warranted by the circumstances which attended the transaction, it will not be likely to obtain credit with the jury.   If (to come home to the question) the wood, which was standing on the defendant's lot, was worth far more than $ 1·25 a cord — and we must now take the fact to be so — is it reasonable to suppose and presume that he would have sold it at that reduced price ? We cannot think that such a presumption could be raised from

such premises. Suppose the evidence would have proved that the wood was worth two dollars a cord : a sale for the price at which the plaintiff alleges that it was rated, would be contrary to the uniform course and conduct of men. The rejected evidence would indeed only raise a presumption, which might be rebutted by some particular circumstances that might have operated upon the defendant to sell for less than the known value. But this would not affect the *admissibility* of the evidence. The fact should be submitted to the jury, to be properly weighed by them. And if it were established, and not explained or rebutted, it would certainly have a tendency to disprove the allegation of the plaintiff, that the contract was for a price per cord greatly less than the common value.

The verdict is set aside, and the case remitted to the court of common pleas for a new trial.